### GILLERAN v. SPRINGFIELD, L. I., CEMETERY SOCIETY et al.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

INJUNCTION (§ 12*)—RESTRAINING CORPORATE ACTION—RIGHT TO SUE—SHOWING OF DAMAGE.

Where one, suing to restrain the holding of a special meeting of corporate directors on the ground that the call therefor was not properly issued, merely sues individually, and alleges that he is president of the association and the holder of some of its certificates of indebtedness, but does not show that anything proposed to be done will injure the certificate holders or the association, he cannot maintain the action.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 12; Dec. Dig. § 12.*]

Appeal from Special Term, New York County.

Action by Thomas Gilleran against the Springfield, L. I., Cemetery Society and others. From an interlocutory judgment overruling demurrer to the complaint, defendants appeal. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Antonio Knauth, of New York City, for appellants.
John M. Gardner, of New York City, for respondent.

SCOTT, J. The action is brought to restrain the holding of a special meeting of the directors of the defendant Cemetery Society, upon the ground that the call for such meeting was not issued in the manner prescribed by the by-laws. The ultimate purpose of the action is to prevent the adoption of certain amendments to the by-laws. We do not consider it necessary at this time to determine whether or not the amendments, if adopted at the meeting sought to be restrained, would be valid or not. The difficulty we find with the present action is that the plaintiff fails to show that the proposed meeting, if held, will injure him in any legal sense.

He sues individually, and alleges that he is president of the society and the holder of some of its certificates of indebtedness. He does not sue in behalf of the society, or in behalf of other certificate holders situated similarly to himself. Nor does he show that anything proposed to be done at the meeting will be injurious to the interests

---

of the society or its certificate holders, or specially injurious to him as the holder of a certificate. If the meeting be held, and the proposed amendments adopted, and any action be threatened or attempted under them in derogation of plaintiff's legal rights as president or certificate holder, it will be open to him to take appropriate legal measures to protect those rights. Even if the call for the meeting be irregular, it by no means follows, of necessity, that the action taken at the meeting will be invalid.

The judgment appealed from must be reversed, and the demurrer sustained, with costs to defendants in this court and in the court below. All concur.